UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MAXIMILIANO RENE RAMIREZ BARRY )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>KINETIC RENOVATIONS LLC,   )<br>FRIEDMAN COMMUNITIES LLC,   )<br>CHAMPAIGN APARTMENTS OWNER LLC,   )<br>MARK ERNST, individually, and   )<br>DENIS DURIETZ, individually   )<br>)<br>Defendants.   ) | Case No.: 2:23-cv-2031 |

## COMPLAINT

NOW COMES Plaintiff, MAXIMILIANO RENE RAMIREZ BARRY, by and through his attorney, MICHAEL FREDENDALL of Legal Aid Society of Metropolitan Family Services, and complains against Defendants KINETIC RENOVATIONS LLC (hereafter "Kinetic"), FRIEDMAN COMMUNITIES LLC (hereafter "Friedman"), CHAMPAIGN APARTMENTS OWNER LLC, (hereafter "CAO"), MARK ERNST, and DENIS DURIETZ and alleges as follows:

### PRELIMINARY STATEMENT

1. This Complaint alleges violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1 *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.*, and the Illinois Employee Classification Act (IECA), 820 ILCS 185/1 *et* seq., all of which provide Plaintiff with a private cause of action for unpaid minimum wages, unpaid wages, and damages . *See* 29 U.S.C. § 216(b), 820 ILCS 115/14(a), 820 ILCS 105/12(a), and 820 ILCS 185/60(a) respectively.

2. This case is filed within 2 years of the facts giving rise to Plaintiff's claim under the FLSA, therefore within the statute of limitations of the FLSA. *See* 29 U.S.C. § 255(a). This case is filed within 10 years of the facts giving rise to Plaintiff's claims under the IWPCA, therefore within the statute of limitations of the IWPCA. *See* 735 ILCS 5/13-206. This case is filed within 3 years of the facts giving rise to Plaintiff's claims under the IMWL, therefore within the statute of limitations of the IMWL. *See* 830 ILCS 105/12(a). This case is filed within 3 years of the facts giving rise to Plaintiff's claim under the IECA, therefore within the statute of limitations of the IECA. *See* 820 ILCS 185/60(b).

## PARTIES

3. Plaintiff, a current resident of Peoria, Illinois, was formerly employed by the Defendants as a "handyman" to paint and renovate apartments.

4. Champaign Apartments Owner LLC is a New York based corporation which owns Champaign Park Apartments, located in Champaign, IL.

5. Kinetic Renovations is an Ohio Corporation which, upon information and belief, was hired to renovate apartments at Champaign Park Apartments as a general contractor.

6. Champaign Park Apartments is managed by Friedman Communities, a Michigan corporation, which provides real estate management services including multifamily property management.

7. Mark Ernst, upon information and belief, at all relevant dates and times, is and was a member and manager of Kinetic Renovations LLC with authority to manage the business including hiring and firing of employees.

8. Denis Durietz, upon information and belief, worked on behalf of Mark Ernst to recruit and manage workers, including Plaintiff, for Kinetic.

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings this action under 29 U.S.C. § 216.

10. This Court has personal jurisdiction over the Defendants as they either are located within this District or committed the acts complained of herein in this District.

11. This Court also has supplemental jurisdiction pursuant to 28 U.S.C § 1367 because all other claims are related to the claims with original jurisdiction and form part of the same case or controversy.

12. Venue is proper in this district pursuant to 28 U.S.C § 1391 because the events giving rise to the claims asserted in this action occurred within the judicial district in which this action is brought as Plaintiff was employed in Champaign County.

## FACTUAL BACKGROUND

13. On or about March 2022, Plaintiff met Denis Durietz in Miami, FL. Defendant Durietz told Plaintiff about a renovating and painting job in Champaign, IL that would pay Plaintiff $130 per day.

14. On or about May 21, 2022 Plaintiff arrived at Champaign Park Apartments and began to work on renovating and painting apartment units.

15. After beginning work, Plaintiff learned that Defendant Durietz was working for Defendants Ernst and Kinetic.

16. Defendant Durietz would receive assignments for the workday from Defendant Kinetic and apartment staff employed by Defendants Friedman and CAO. Defendant Durietz would then delegate assignments out to workers.

17.     Defendant Durietz held himself out as the person who would pay Plaintiff and other workers but instead relied on Defendants Ernst and Kinetic to provide him with money to distribute.

18.     Plaintiff would repeatedly ask Defendant Durietz when he would be paid. Defendant Durietz repeatedly stated that Plaintiff would be paid when Defendant Ernst paid Defendant Durietz.

19.     Defendant Durietz sporadically paid Plaintiff partial compensation including a payment of $750, a payment of $175, and occasional cash payments totaling $400. These payments were irregular and never amounted to full compensation for hours worked by Plaintiff.

20.     Throughout his employment, Plaintiff worked 10 hours per day, seven (7) days per week.

21.     Plaintiff worked for Defendant Kinetic at Champaign Park Apartments until on or about July 10, 2022 when he quit, as he could no longer afford to wait to be paid.

22.     During the course of his employment, Plaintiff's work was inspected by staff employed, upon information and belief, by Defendants Friedman and CAO.

23.     In addition, staff employed by Defendants Friedman and CAO would provide Plaintiff and other workers employed as "handymen" with tools and supplies that were owned and controlled by the apartment complex and stored on location.

24.     As a condition of his employment, Plaintiff was permitted to stay in an apartment unit at the Champaign Park Apartments complex, owned and managed by Defendants Friedman and CAO.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**DEFENDANTS' FAILURE TO PAY FEDERAL MINIMUM WAGE**

25. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26. Defendants were all employers as defined under 29 U.S.C. § 203(d).

27. Plaintiff was an employee as defined under 29 U.S.C. § 203(e)(1).

28. Defendants are all enterprises engaged in commerce as defined under 29 U.S.C. § 203(s)(1)(A)(i) & (ii).

29. Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a)(1)(c) by failing to pay Plaintiff at least $7.25 per hour for each hour worked from May 21, 2022 to July 10, 2022.

30. Defendants violated the overtime provision of the FLSA, 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff at least one and half times the minimum rate of pay of $7.25 per hour ($10.875 per hour) for all hours worked in excess of forty hours per workweek.

31. The violations of the FLSA were willful, within the meaning of the Portal-to-Portal Act. The Defendants were aware of the FLSA's requirement to pay regular and overtime wages but took no action to comply with these requirements and instead actively took measures to avoid compliance including violating 29 CFR 516.4 by failing to post a notice informing employees of their rights under the FLSA.

WHEREFORE, Plaintiff, Maximiliano Rene Ramirez Barry, respectfully requests this Court grant him all such relief to which he is entitled and respectfully requests this Court enter an Order as follows:

a. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Defendants in the amount of his unpaid wages pursuant to 29 U.S.C. § 216(b);

 b. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Defendants in an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

 c. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against defendants, in an amount equal to attorneys' fees, costs, and disbursements, incurred by plaintiff herein pursuant to 29 U.S.C. § 216(b);

 d. Grant Plaintiff Maximiliano Rene Ramirez Barry such further relief as this Court deems just and equitable.

## COUNT II – VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

### DEFENDANTS' FAILURE TO PAY OWED COMPENSATION

32. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

33. Plaintiff was an "employee" within the definition of 820 ILCS 115/2.

34. Defendants were each an "employer" within the definition of 820 ILCS 115/2.

35. Defendants Friedman, Kinetic, and CAO failed to pay Plaintiff any wages for hours worked from May 21, 2022 to July 10, 2022.

36. Defendant Durietz paid Plaintiff only approximately $1,325, far short of the agreed upon compensation.

37. Defendants are obligated to pay Plaintiff all wages earned pursuant to the IWPCA at the agreed upon rate of $130 per day.

38. Defendants have knowingly and willfully failed to compensate Plaintiff his earned wages according to the employment agreement made between Defendants and Plaintiff.

39. As a direct and proximate result of Defendants' deliberate failure to provide Plaintiff with compensation for wages earned, Plaintiff has suffered damages in the form of unpaid wages due to him pursuant to the IWPCA.

WHEREFORE, Plaintiff, Maximiliano Rene Ramirez Barry, respectfully requests this Court grant him all such relief to which he is entitled and respectfully requests this Court enter an Order as follows:

e. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Defendants Kinetic, Friedman, CAO, Denis Durietz, and Mark Ernst, individually, in the amount of his unpaid wages pursuant to the employment agreement;

f. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Defendants Kinetic, Friedman, CAO, Denis Durietz, and Mark Ernst, individually, for statutory damages under 820 ILCS § 115/14(a) in the amount of 5% of the underpayment for each month wages were due and remained unpaid.

g. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Defendants Kinetic, Friedman, CAO, Denis Durietz, and Mark Ernst, individually, in an amount equal to attorneys' fees, costs, and disbursements, incurred by plaintiff herein, pursuant to 820 ILCS § 115/14 and;

h. Grant Plaintiff Maximiliano Rene Ramirez Barry such further relief as this Court deems just and equitable.

**COUNT III – VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
DEFENDANTS' FAILURE TO PAY THE MINIMUM WAGE**

40. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

41. Kinetic, CAO, and Friedman, are all employers as defined in 820 ILCS 105/3(c).

42. Kinetic, CAO, and Friedman at all relevant times employed four (4) or more employees.

43. Plaintiff was a covered employee as defined in 820 ILCS 105/3(d).

44. Defendants were required to pay Plaintiff a minimum wage of $12 per hour under the IMWL in 2022.

45. Plaintiff worked an average of 70 hours per week for the period from May 21, 2022 to July 10, 2022.

46. Plaintiff was required to be paid $12 per hour for all hours worked from May 21, 2022 to July 10, 2022.

47. From the beginning of his employment and up until July 10, 2022, Plaintiff received no compensation from Defendants Kinetic, Friedman, and CAO. The only compensation Plaintiff received at all was approximately $1,325 from Defendant Durietz.

48. As a direct and proximate result of Defendants' deliberate failure to pay Plaintiff the minimum hourly wage for hours worked, Plaintiff has suffered damages in the form of the minimum wage owed to him for all hours worked pursuant to the IMWL.

WHEREFORE, Plaintiff, Maximiliano Rene Ramirez Barry, respectfully requests this Court grant him all such relief to which he is entitled and respectfully requests this Court enter an Order as follows:

   a. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Kinetic Renovations LLC, Friedman, CAO, and Mark Ernst, individually, in the amount of Plaintiff's unpaid minimum wages pursuant to 820 ILCS 105/12(a);

b. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Kinetic Renovations LLC, Friedman, CAO, and Mark Ernst, individually, for statutory damages in an amount equal to treble damages for Plaintiff's unpaid minimum wages pursuant to 820 ILCS 105/12(a);

c. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Kinetic Renovations LLC, Friedman, CAO, and Mark Ernst, individually, in an amount equal to attorneys' fees, costs, and disbursements pursuant to 820 ILCS 105/12(a); and,

d. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Kinetic Renovations LLC, Friedman, CAO, and Mark Ernst, individually, for statutory damages in the amount of 5% of the underpayment for each month wages were due, pursuant to 820 ILCS 105/12(a); and

e. Grant Maximiliano Rene Ramirez Barry such further relief as this Court deems just and equitable.

## COUNT IV – VIOLATION OF THE ILLINOIS EMPLOYEE CLASSIFICATION ACT DEFENDANTS' FAILURE TO PROPERLY CLASSIFY PLAINTIFF AS AN EMPLOYEE

43. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

44. Kinetic is a contractor as defined in 820 ILCS 185/5.

45. Plaintiff is an employee as defined in 820 ILCS 185/10(a).

46. Plaintiff was employed in construction work as defined by 820 ILCS 185/5.

47. Plaintiff was treated as, and was led to believe that he was, a subcontractor for Kinetic instead of an employee.

48. Kinetic willfully violated the Employee Classification Act in violation of 820 ILCS 185/20.

WHEREFORE, Plaintiff, Maximiliano Rene Ramirez Barry, respectfully requests this Court grant him all such relief to which he is entitled and respectfully requests this Court enter an Order as follows:

a. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Kinetic Renovations LLC and Mark Ernst, individually, in the amount of Plaintiff's unpaid wages pursuant to 820 ILCS 185/60(a)(1);

b. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Kinetic Renovations LLC and Mark Ernst, individually, in an equal amount of liquidated damages pursuant to 820 ILCS 185/60(a)(1);

c. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Kinetic Renovations LLC and Mark Ernst, individually, for compensatory damages in an amount of $500 per violation of the Employee Classification Act pursuant to 820 ILCS 185/60(a)(2).

d. Issue judgment in favor of Plaintiff Maximiliano Rene Ramirez Barry and against Kinetic Renovations LLC and Mark Ernst in an amount equal to attorneys' fees, costs, to 820 ILCS 185/60(a)(4); and,

e. Grant Maximiliano Rene Ramirez Barry such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

49. Plaintiff, Maximiliano Rene Ramirez Barry, requests a jury trial on all issues of fact and law raised by the allegations of this Complaint.

Respectfully Submitted,
MAXIMILIANO RENE RAMIREZ BARRY, Plaintiff

By: /S/ Michael Fredendall
Michael Fredendall, Attorney for Plaintiff

Dated: February 21, 2023

Michael Fredendall
ARDC#: 6338986
Attorney for Plaintiff
Legal Aid Society of Metropolitan Family Services
101 N. Wacker Drive
Suite 1700
Chicago, IL 60606
(773) 718-3503
FredendallM@metrofamily.org